# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2913

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Micah A. Johnson, | * | Western District of Missouri. |
| | * | |
| Appellant. | * | [PUBLISHED] |
| | * | |

_____

Submitted: May 5, 2006
Filed: May 15, 2006

_____

Before RILEY, MAGILL, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

After Micah Johnson pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), the district court[1] sentenced him to 30 months in prison and three years of supervised release. In determining Johnson's Guidelines imprisonment range, the district court calculated a base offense level of 20 under U.S.S.G. § 2K2.1(a)(4)(A), which is applicable when a defendant commits the offense of conviction after sustaining a felony conviction for a "crime of

_____

[1]The Honorable Fernando J. Gaitan, United States District Judge for the Western District of Missouri.

violence," as defined under U.S.S.G. § 4B1.2. See U.S.S.G. § 2K2.1, comment. (n.1). Over Johnson's objection, the district court concluded that Johnson's Florida grand theft auto conviction was for a crime of violence within the meaning of section 4B1.2. Johnson appeals, renewing his argument that his Florida conviction was not for a crime of violence, and we affirm.

As he did below, Johnson concedes that in United States v. Sun Bear, 307 F.3d 747, 753 (8th Cir. 2002), cert. denied, 539 U.S. 916 (2003), we held that vehicle theft is a crime of violence within the meaning of section 4B1.2. He argues, however, that the district court erred in light of Leocal v. Ashcroft, 543 U.S. 1 (2004), and our decision in United States v. Walker, 393 F.3d 819 (8th Cir. 2005), and he points to concurrences and dissents in Sun Bear and United States v. Sprouse, 394 F.3d 578 (8th Cir. 2005) as support for his position.

Regardless of any questions raised about the reasoning and the continued vitality of Sun Bear, it remains the law of this circuit until and unless our court en banc concludes otherwise. See United States v. Scott, 413 F.3d 839, 840 (8th Cir. 2005) (expressing awareness of disagreement in other circuits, concluding that Leocal involved different category of offenses and was inapposite, and affirming enhancement for prior vehicle-theft conviction based on Sun Bear), cert. denied, 126 S. Ct. 1091 (2006); Sprouse, 394 F.3d at 581 (panel is bound by prior Eighth Circuit decision unless overruled by court en banc). Accordingly, it is dispositive here.

We note that Johnson's reliance on Walker is misplaced, because Walker involved an entirely different crime, operating a motor vehicle while intoxicated (OWI). See Walker, 393 F.3d at 825-27 (holding that OWI under Iowa law is not crime of violence under § 4B1.2). In addition, our Court en banc recently rejected the reasoning of Walker in United States v. McCall, 439 F.3d 967, 970-73 (8th Cir. 2006)

(en banc) (holding that a felony conviction for driving, as opposed to merely causing the vehicle to function by starting its engine, while intoxicated is a crime of violence).

Accordingly, we affirm.

_____