[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14187
Non-Argument Calendar
_____

D.C. Docket No. 8:11-cr-00178-JDW-MAP-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DEVON TURNER,
a.k.a. Devante Turner,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 5, 2013)

Before DUBINA, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Appellant Devon Turner appeals his 110-month sentence for three counts of being a felon in possession of firearms and ammunition, in violation of 18 U.S.C. § 922(g)(1), imposed after the district court determined that Turner had two prior "crimes of violence" as defined by the career offender guidelines. On appeal, Turner argues, and the government agrees, that the district court plainly erred in counting as a crime of violence Turner's sexual battery of a minor conviction, under Florida law. *See* Fla. Stat. § 800.04(3) (1994). As additional error, Turner argues that the district court should not have counted his prior first-degree burglary conviction as a crime of violence because the residual clause of the career offender guidelines is unconstitutionally vague.

Ordinarily, we review *de novo* whether a particular conviction is a crime of violence under the career offender provisions of the Sentencing Guidelines. *United States v. Lockley*, 632 F.3d 1238, 1240 (11th Cir.), *cert. denied*, 132 S. Ct. 257 (2011). However, we "consider sentence objections raised for the first time on appeal under the plain error doctrine to avoid manifest injustice." *United States v. Hansley*, 54 F.3d 709, 715 (11th Cir. 1995) (internal quotation marks omitted).

"For the Court to correct plain error: (1) there must be error; (2) the error must be plain; and (3) the error must affect substantial rights." *United States v. Stevenson*, 68 F.3d 1292, 1294 (11th Cir. 1995). If the first three conditions are met, we may exercise our discretion to "notice a forfeited error, but only if (4) the

2

error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir. 2005) (internal quotation marks omitted). "'Plain' is synonymous with 'clear' or, equivalently, 'obvious.'" *United States v. Olano*, 507 U.S. 725, 734, 113 S. Ct. 1770, 1777 (1993). For an error to affect substantial rights, it "must have affected the outcome of the district court proceedings." *Id.* at 734, 113 S. Ct. at 1778.

Under the career offender guidelines, an offense "can be a crime of violence if it fits within one of three categories." *United States v. Chitwood*, 676 F.3d 971, 975 (11th Cir.), *cert. denied*, 133 S. Ct. 288 (2012). The first category covers offenses under the "elements clause," which have "as an element the use, attempted use, or threatened use" of violent physical force against another. U.S.S.G. § 4B1.2(a)(1); *see United States v. Harris*, 608 F.3d 1222, 1225 (11th Cir. 2010) (equating "physical force" with "violent force," pursuant to *Johnson v. United States*, 559 U.S. 133, 140–41, 130 S. Ct. 1265, 1271 (2010)). The second category covers the offenses listed in the enumerated crimes clause: burglary of a dwelling, arson, extortion, and crimes involving the use of explosives. U.S.S.G. § 4B1.2(a)(2). The third category covers the "residual clause" crimes that "otherwise involve[] conduct that presents a serious potential risk of physical injury to another." *Id.* (alteration added). Because the Armed Career Criminal Act (ACCA) provides a definition for "violent felony" that is "virtually identical" to

3

the definition of a crime of violence under the career offender guidelines, we have indicated that "decisions about one apply to the other." *Gilbert v. United States*, 640 F.3d 1293, 1309 n.16 (11th Cir. 2011) (*en banc*), *cert. denied*, 132 S. Ct. 1001 (2012).

We utilize two different approaches in determining whether a crime falls within the elements clause or the residual clause: the categorical and the modified categorical approaches. *Chitwood*, 676 F.3d at 975–76. Under the categorical approach to the residual clause, we first focus on whether the offense at issue inherently "poses a serious potential risk of physical injury that is similar in kind and in degree to the risks posed by the enumerated crimes." *United States v. Owens*, 672 F.3d 966, 968–69 (11th Cir. 2012) (internal quotation marks omitted). Then, we ask "whether the conduct at issue in the statute is purposeful, violent and aggressive" or is instead "a more passive crime of inaction." *Chitwood*, 676 F.3d at 978 (internal quotation marks omitted); *see id.* at 978–79 (holding that the inquiry into whether conduct is "purposeful, violent and aggressive" is limited to strict liability, negligence, and recklessness offenses).

We use the modified categorical approach to the residual clause "when the law under which a defendant has been convicted contains different statutory phrases—some of which [qualify as crimes of violence] and some of which do not." *United States v. Pantle*, 637 F.3d 1172, 1175 (11th Cir.), *cert. denied*, 132 S.

4

Ct. 1091 (2012) (internal quotation marks omitted) (alteration in original). The modified categorical approach permits us to look to the specific facts of a defendant's conviction. *Id.* at 1175–76; *see also Johnson*, 559 U.S. at 145, 130 S. Ct. at 1273 (further noting that "the absence of records" often frustrates this inquiry). When applying the modified categorical approach, sentencing courts are "generally limited to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Shepard v. United States*, 544 U.S. 13, 16, 125 S. Ct. 1254, 1257 (2005); *see Pantle*, 637 F.3d at 1175.

The statute and subsection under which Turner was convicted prohibits sexual battery upon any child under the age of 16. Fla. Stat. § 800.04(3) (1994). "'Sexual battery' means oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object . . . ." Fla. Stat. § 794.011(1)(h) (1994). Section 800.04(3) is a strict liability offense; therefore, consent is irrelevant and not a defense. Fla. Stat. § 800.04 (1994); *State v. Sorakrai*, 543 So.2d 294, 295 (Fla. Dist. Ct. App. 1989) ("It is our judgment that conduct violative of section 800.04 carries with it the same concept of 'strict liability' that has traditionally characterized 'statutory rape.'").

In *Harris*, we held that a conviction under Fla. Stat. § 800.04(3) (1996),

5

identical to the version under which Turner was convicted, is not categorically a violent felony under the ACCA's residual clause. *Harris*, 608 F.3d at 1233. The government has conceded in its brief that a violation of this state law is not a crime of violence under the ACCA's elements clause.

Turner concedes that, because he never objected to the district court's guideline calculation, his arguments on appeal should be reviewed for plain error. Because the district court did not articulate a basis for its implicit decision that Turner's § 800.04(3) conviction is a crime of violence, we review Turner's conviction under each of the three aforementioned analysis categories. *See Chitwood*, 676 F.3d at 975.

We conclude from the record that the district court plainly erred in treating Turner's conviction under § 800.04(3) as a crime of violence under the elements clause of the career offender guidelines because violent force is not an element of the offense. Like the statutory rape offense in *Owens*, a violation of § 800.04(3) requires physical contact, but it does "not require, as an element, the use of violent physical force against the victim." *See Owens*, 672 F.3d. at 970–71. The elements the government must establish are the age of the offender, that sexual intercourse occurred, and that the victim was too young to give legal consent. *Compare* Fla. Stat. § 800.04(4) (1994) (prohibiting anyone from "engag[ing] in sexual activity" with a person between 12 and 16 years of age), *with, e.g.*, Fla. Stat.

§ 794.011(4)(a)–(b) (1994) (criminalizing sexual battery of nonminors that is achieved by physical overpowering or threat of violence).  Unlike Florida statute § 794.011(4)(a)–(b), § 800.04(3) is violated by mere physical contact, not physical force, and "the merest touching" or "the slightest penetration" does not show the kind of physical force required for a crime of violence.  *See Owens*, 672 F.3d at 971.  Further, the government concedes that a violation of § 800.04(3) is not a crime of violence under the elements clause.  Accordingly, it was plain error to treat Turner's Florida conviction under § 800.04(3) as a crime of violence under the elements clause of the career offender guidelines.

Because Turner's offense is not an enumerated crime of violence, *see* U.S.S.G. § 4B1.2(a)(2), his conviction may only support a career offender enhancement if it fits within U.S.S.G. § 4B1.2(a)(2)'s residual clause, under either the categorical or the modified categorical approach.

Under the categorical approach to the residual clause, we conclude that to treat Turner's Florida conviction under § 800.04(3) as a crime of violence was also plainly erroneous.  *See Harris*, 608 F.3d at 1233.  Although a violation of § 800.04(3) "involves conduct that presents a serious potential risk of physical injury to another," the statute "covers a wide array of conduct" and not all such conduct qualifies as a crime of violence.  *See id.* at 1229, 1232 (explaining that § 800.04(3) "criminaliz[es] conduct in respect to which the offender need not have

7

had any criminal intent at all"). Accordingly, "a violation of Florida statute § 800.04(3) generally—without further specifics—is not a crime of violence" under the residual clause of the career offender guidelines. *See id.* at 1233.

As for the modified categorical approach to the residual clause, the government concedes that it "presented no evidence at sentencing regarding the facts of Turner's conviction" to show that Turner's offense qualified as a crime of violence. Without the government's introduction of *Shepard*-approved documents, it was plain error to conclude that Turner's Florida conviction under § 800.04(3) was a crime of violence under the residual clause. *United States v. Dunlap*, 279 F.3d 965, 967 (11th Cir. 2002) (holding that "the lack of evidentiary foundation for the application of [a guideline enhancement] is error; [and] it is plain").

Although the district court plainly erred in treating Turner's Fla. Stat. § 800.04(3) conviction as a crime of violence, we will not vacate his sentence unless the error affected his substantial rights. *See Rodriguez*, 398 F.3d at 1298. Here, without the career offender enhancement, Turner's guideline range would be reduced by four offense levels. Turner's imposed sentence of 110 months is at the low end of the incorrect guideline range, and there is a reasonable probability that the district court would have sentenced him differently if the correct offense level had been used. *See United States v. Bennett*, 472 F.3d 825, 835 (11th Cir. 2006) (vacating and remanding sentence because district court plainly erred in using a

8

total offense level of 32 instead of 31).  Accordingly, we conclude that the plain error affected Turner's substantial rights, and, and for that reason, we must vacate his sentence and remand for resentencing.

Turner asserts, for the first time on appeal and to preserve the argument pending a potential Supreme Court decision, that the residual clause in the career offender guidelines is unconstitutionally vague.  Accordingly, Turner argues, his first-degree burglary conviction should not be treated as a crime of violence.  This argument is unavailing.  The Supreme Court has held that the violent felony residual clause in the ACCA "states an intelligible principle and provides guidance that allows a person to conform his or her conduct to the law."  *United States v. Sykes*, ___ U.S. ___, ___, 131 S. Ct. 2267, 2277 (2011) (internal quotation marks omitted).  This Court has subsequently determined that *Sykes* "appears to foreclose a conclusion, . . . that the residual clause is unconstitutionally vague."  *Chitwood*, 676 F.3d at 978 n.3.  Thus, we conclude that the district court did not plainly err in treating Turner's Florida burglary conviction as a crime of violence under the career offender guidelines.

For the aforementioned reasons, we vacate Turner's sentence and remand this case to the district court for resentencing consistent with this opinion.

**VACATED and REMANDED.**