[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-11658

_____

D.C. Docket No. 8:12-cr-00024-EAK-AEP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRIAN LEAVITT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 2, 2014)

Before WILSON and JORDAN, Circuit Judges, and ROTHSTEIN,[*] District Judge.

PER CURIAM:

_____

[*] Honorable Barbara Jacobs Rothstein, United States District Judge for the District of Columbia, sitting by designation.

In his initial brief, Brian Leavitt argued in part that, as a statutory matter, an Ohio juvenile delinquency adjudication does not constitute a "prior conviction" for purposes of an enhanced statutory sentence under 18 U.S.C. § 2252(b)(1).  *See* Appellant's Br. at 12-18.  In its answer brief, the government did not respond to this contention, arguing instead that any statutory error committed by the district court in sentencing Mr. Levitt was harmless.  *See* Govt.'s Br. at 15-18.  But, as the government conceded at oral argument, any error could not have been harmless because the district court imposed concurrent terms of imprisonment (of 324 months each) on the three counts of conviction, and those terms—absent an enhanced statutory sentence pursuant to § 2252(b)(1)—were each above the otherwise applicable 20-year maximum for each of the counts.  *See, e.g., United States v. Klopf*, 423 F.3d 1228, 1244-45 (11th Cir. 2005).

Exercising our discretion, we accept the government's concession on the issue of harmless error for "purposes of this case," *United States v. Harris,* 608 F.3d 1222, 1226 (11th Cir. 2010) (accepting government's concession that a Florida sexual battery conviction was not a "crime of violence" under 18 U.S.C. § 924(e)), completely vacate the sentences imposed on all three counts, and remand for the district court to hold a new sentencing hearing.  *See Klopf*, 423 F. 3d at

1245.  At the new hearing, Mr. Levitt will face a statutory sentencing range of 5-20 years on each count of conviction, and the parties will be allowed to present all of the sentencing arguments they deem appropriate.  These include, without limitation, (1) the applicability of U.S.S.G. § 2G2.2(b)(5), (2) the availability of consecutive sentences pursuant to U.S.S.G. § 5G1.2(d), and (3) the imposition of an appropriate sentence given the factors set forth in 18 U.S.C. § 3553(a).

**SENTENCES VACATED; REMANDED FOR NEW SENTENCING HEARING.**