[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-11428

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 30, 2012
JOHN LEY
CLERK

D.C. Docket No. 0:10-cr-60310-WJZ-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM HOMERO CORTES-SALAZAR,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 30, 2012)

Before MARCUS and BLACK, Circuit Judges, and EVANS,* District Judge.

MARCUS, Circuit Judge:

_____

* Honorable Orinda Evans, United States District Judge for the Northern District of Georgia, sitting by designation.

William Cortes-Salazar, a citizen of Colombia, appeals from his 57-month sentence for illegal reentry of a deported alien, in violation of 8 U.S.C. § 1326(a) and (b)(2). Prior to the instant offense, Cortes-Salazar was convicted in Florida for marijuana possession in 1990 and for commission of a "lewd assault act" in 1993, and removed from the United States in December 1995. He later reentered the United States without permission, was indicted for the illegal reentry, and pled guilty to the offense. In sentencing Cortes-Salazar, the district court enhanced his base offense level by sixteen levels because he had previously been convicted of a "crime of violence" under U.S.S.G. § 2L1.2(b)(1)(A), and reduced it by three levels under U.S.S.G. § 3E1.1 for acceptance of responsibility. On appeal, Cortes-Salazar argues that the district court erred in determining that his prior conviction under Fla. Stat. § 800.04 for a "lewd assault act" qualified as "sexual abuse of a minor," and, therefore, as a "crime of violence" under § 2L1.2. After careful review, we affirm.

Although the Sentencing Guidelines are now advisory after the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), the district court is still obligated to calculate the applicable guideline range correctly. United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005) (per curiam). We review de novo whether a defendant's prior conviction qualifies as a "crime of violence"

2

under the Guidelines.  United States v. Palomino Garcia, 606 F.3d 1317, 1326 (11th Cir. 2010).

Section 2L1.2(b)(1)(A) of the Sentencing Guidelines provides for a sixteen-level increase in the offense level if a defendant previously was removed after a felony conviction for a  "crime of violence."  U.S.S.G. § 2L1.2(b)(1)(A)(ii). "Crime of violence" is defined in the commentary to include the federal, state, or local offense of, inter alia, "sexual abuse of a minor . . . or any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another."  Id. cmt. n.1(B)(iii).  Sentencing Guidelines commentary explaining or interpreting the Guidelines is "authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline."  Stinson v. United States, 508 U.S. 36, 38 (1993).

In United States v. Padilla-Reyes, 247 F.3d 1158 (11th Cir. 2001), we considered whether the 1987 version of Fla. Stat. § 800.04 constituted "sexual abuse of a minor" for purposes of the sixteen-level "aggravated felony" enhancement under the version of § 2L1.2 in effect at the time.  We held that a violation of the statute, with or without victim contact, constituted "sexual abuse of a minor."  Id. at 1164.  We interpreted "sexual abuse of a minor" to mean "a

3

perpetrator's physical or nonphysical misuse or maltreatment of a minor for a purpose associated with sexual gratification." Id. at 1163. We recognized that violations of § 800.04 might not involve any physical contact with the victim, id. at 1162, but concluded that all possible violations involve the misuse or maltreatment of a child for sexual gratification, and, thus, constitute "sexual abuse of a minor," see id. at 1163-64. Although the amended version of § 800.04 under which Cortes-Salazar was convicted differed slightly from the version discussed in Padilla-Reyes, the elements of Cortes-Salazar's offense were identical to the elements of the offense in 1987. Compare Fla. Stat. § 800.04 (1993) (proscribing "[k]nowingly commit[ting] any lewd or lascivious act in the presence of any child under the age of 16 years"), with Fla. Stat. § 800.04 (1987) (same).

Padilla-Reyes, however, involved the definition of the term "aggravated felony" which the version of § 2L1.2 in effect at the time cross-referenced to the Immigration and Nationality Act ("INA"). Padilla-Reyes, 247 F.3d at 1159. The INA includes "sexual abuse of a minor" in its definition of "aggravated felony." 8 U.S.C. § 1101(a)(43)(A). Section 2L1.2 since has been amended to provide a sixteen-level increase to the offense level for the commission of a "crime of violence," as defined in the application notes to the guideline provision, instead of by reference to the INA. U.S.S.G. § 2L1.2(b)(1)(A); id. cmt. n.1(B)(iii). The

4

application notes continue to list "sexual abuse of a minor" as an enumerated offense.  Id. cmt. n.1(B)(iii).  We have applied Padilla-Reyes to cases using the amended version of the guideline.  See, e.g., United States v. Ortiz-Delgado, 451 F.3d 752, 756-57 (11th Cir. 2006) (applying Padilla-Reyes to hold that a conviction under Cal. Penal Code § 288 constitutes "sexual abuse of a minor," and, thus, a "crime of violence" under § 2L1.2 since "'sexual abuse of a minor' is not limited to physical abuse").

Following Padilla-Reyes, we decided Palomino Garcia.  There, the defendant argued that his prior conviction for aggravated assault under Arizona law was not a "crime of violence."  606 F.3d at 1326-27.  We noted that "[i]t is well settled that a felony conviction for an enumerated offense qualifies as a 'crime of violence' under § 2L1.2, whether or not the use of physical force is an element of the crime."  Id. at 1327.  We held that the label a state attaches to an offense is not determinative of whether a prior conviction is a "crime of violence" under § 2L1.2.  Id. at 1330-31.  We then applied the categorical approach established in Taylor v. United States, 495 U.S. 575 (1990), and derived the generic elements of "aggravated assault" by considering the elements of the crime that were common to most states' definitions, learned treatises, and the Model Penal Code.  Id. at 1331-32.  We held that the elements of aggravated assault

5

under the Arizona statute did not substantially correspond with the elements of the generic offense of aggravated assault, and, thus, the defendant's prior conviction was not per se a "crime of violence" within the meaning of § 2L1.2(b)(1)(A)(ii). Id. at 1333-34.

Thereafter, we decided United States v. Ramirez-Garcia, 646 F.3d 778 (11th Cir. 2011). In that case, the defendant challenged the district court's determination that his prior conviction under N.C. Gen. Stat. § 14-202.1 for "taking indecent liberties with a child" constituted "sexual abuse of a minor," and, thus, was a "crime of violence" under § 2L1.2. Id. at 779. Ramirez-Garcia urged us to reconsider the definition of "sexual abuse of a minor" formulated in Padilla-Reyes because there we failed to use a generic definition of "sexual abuse of a minor," as required by Taylor. Id. at 782. We rejected Ramirez-Garcia's argument because "sexual abuse of a minor" is a "non-traditional offense," and explained that, for non-traditional offenses not developed in the common law, courts define a generic offense based on "the ordinary, contemporary, and common meaning" of the statutory language. Id. at 783. We noted that, for traditional offenses developed in the common law, like aggravated assault, courts follow the Taylor approach. Id. We said that, in Padilla-Reyes, we used the plain-meaning approach in holding that a violation of § 800.04 constituted "sexual

6

abuse of a minor," and that <u>Padilla-Reyes</u> remains binding precedent.  <u>Id.</u> at 783-84.  Finally, because we had held in <u>Bahar v. Ashcroft</u>, 264 F.3d 1309, 1311-12 (11th Cir. 2001), that the term "sexual abuse of a minor," as used in § 1101(a)(43)(A) included the conduct proscribed by § 14-202.1, and because § 14-202.1 was no broader than <u>Padilla-Reyes</u>'s definition of "sexual abuse of a minor" for purposes of § 2L1.2, we affirmed Ramirez-Garcia's sentence.  <u>Id.</u> at 784-85.

Cortes-Salazar's arguments in this case are foreclosed by our binding precedent in <u>Padilla-Reyes</u>, <u>Ortiz-Delgado</u>, and <u>Ramirez-Garcia</u>.  First, contrary to Cortes-Salazar's urging that the <u>Palomino Garcia</u> method for deriving the generic offense should apply in this case, we explained in <u>Ramirez-Garcia</u> that we define "sexual abuse of a minor" under the plain-meaning approach implemented in <u>Padilla-Reyes</u>, and that <u>Padilla-Reyes</u> remains binding precedent.  <u>See</u> <u>Ramirez-Garcia</u>, 646 F.3d at 783-84.  As for Cortes-Salazar's argument that we must, under the prior precedent rule, follow <u>Palomino Garcia</u> because it is prior precedent that conflicts with <u>Ramirez-Garcia</u>, we have not said that <u>Palomino Garcia</u>  established a single methodology for defining "crime of violence" offenses, and, thus, the two cases are not in conflict.  Also, nowhere in <u>Palomino Garcia</u> did we describe aggravated assault as a non-traditional offense, and

7

Ramirez-Garcia specifically listed it as a traditional offense. See Ramirez-Garcia, 646 F.3d at 783. Indeed, Cortes-Salazar conceded in argument to the district court that aggravated assault is an enumerated offense "commonly used among the states," while sexual abuse of a minor is a "more vague and [] general term."

Similarly, we reject Cortes-Salazar's argument that Padilla-Reyes no longer applies because § 2L1.2 had not yet been amended to include the term "crime of violence." When Padilla-Reyes was decided, § 2L1.2 provided for a sixteen-level enhancement for "aggravated felon[ies]," as defined by the INA, which included "sexual abuse of a minor" in its definition of "aggravated felony." See Padilla-Reyes, 247 F.3d at 1161-62; 8 U.S.C. § 1101(a)(43)(A). Although the term "sexual abuse of a minor" now appears explicitly in the commentary to § 2L1.2, U.S.S.G. § 2L1.2 cmt. n.1(B)(iii), rather than applying by reference to 8 U.S.C. § 1101(a)(43)(A), this does not suggest a change of definition. Indeed, we have applied Padilla-Reyes after the amendment of § 2L1.2. See Ortiz-Delgado, 451 F.3d at 756-57. Therefore, the district court did not err in relying on Padilla-Reyes to hold that a violation of § 800.04 falls within the plain meaning of the term "sexual abuse of a minor."[1]

_____

[1] Moreover, because we implemented the plain-meaning approach in Padilla-Reyes and held that the term "sexual abuse of a minor" includes the conduct proscribed by § 800.04, see 247 F.3d at 1162-64, we are foreclosed from considering Cortes-Salazar's argument that

8

Cortes-Salazar also argues that a violation of § 800.04 cannot be considered a "crime of violence" within the meaning of § 2L1.2 without violating the plain meaning of that term, as defined in recent Supreme Court and Eleventh Circuit case law. However, in Johnson v. United States, 130 S. Ct. 1265 (2010), and Begay v. United States, 553 U.S. 137 (2008), the Supreme Court employed a "categorical approach" to determine whether certain offenses qualified as "violent felon[ies]" under the Armed Career Criminal Act ("ACCA"), not whether the convictions constituted "crime[s] of violence" as defined under § 2L1.2. Likewise, we held in United States v. Harris, 608 F.3d 1222 (11th Cir. 2010), that sexual battery of a child under sixteen in violation of Fla. Stat. Ann. § 800.04(3) (1996), was not categorically a violent felony under the ACCA.

> Under the ACCA, a "violent felony" is defined as an offense that:
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . .

18 U.S.C. § 924(e)(2)(B). Unlike § 2L1.2, the ACCA does not enumerate "sexual abuse of a minor" as a "violent felony." Compare id., with U.S.S.G. § 2L1.2 cmt.

—————————————

§ 800.04's lack of an age differential requirement prevents it from meeting the plain meaning of "sexual abuse of a minor."

n.1(B)(iii).

Because <u>Johnson</u>, <u>Begay</u>, and <u>Harris</u> addressed whether a prior conviction constituted a "violent felony" under the ACCA, as opposed to an enumerated "crime of violence" as defined by § 2L1.2, they are inapplicable. <u>See</u> <u>Johnson</u>, 130 S.Ct. at 1268; <u>Begay</u>, 553 U.S. at 139-40; <u>Harris</u>, 608 F.3d at 1224. Further, we have never held that an offense must qualify as a "violent felony" under the ACCA in order to qualify as a "crime of violence" under § 2L1.2, nor has the Supreme Court. As a result, Cortes-Salazar's argument that <u>Padilla-Reyes</u> is not binding under the prior precedent rule because it was decided before <u>Johnson</u>, <u>Begay</u>, and <u>Harris</u> fails.

We are also unpersuaded by Cortes-Salazar's argument that the district court erred in considering the commentary to § 2L1.2 because the commentary is inconsistent with the guideline. As we've just discussed, <u>Johnson</u>, <u>Begay</u>, and <u>Harris</u> are inapplicable to determine whether § 2L1.2 is inconsistent with the guideline, as those cases concerned the ACCA, not an enumerated offense in § 2L1.2. As we explained in <u>United States v. Casillas-Cantero</u>, 426 F. App'x 804, 807 (11th Cir. 2011) (per curiam) (unpublished), the commentary to § 2L1.2 defines "crime of violence" very differently than the ACCA does, and we cannot say that the definition of "crime of violence" provided in the commentary to §

10

2L1.2 is a plainly erroneous reading of the guideline.  Indeed, we see no inconsistency, much less a plainly erroneous one, between the guideline and the commentary.   Accordingly, the distinct definition of "crime of violence" provided in the commentary to § 2L1.2 remains "authoritative," see Stinson, 508 U.S. at 38, and the district court did not err by relying on the commentary in imposing the sixteen-level enhancement.[2]

**AFFIRMED.**

---

[2] We also reject Cortes-Salazar's argument that the district court erred by imposing an enhanced sentence based on a prior conviction that was not pled in the indictment or presented to the grand jury.  In Almendarez-Torres v. United States, 523 U.S. 224 (1998), the Supreme Court explained that a prior conviction used to enhance a sentence under 8 U.S.C. § 1326(b)(2) is not an element of the offense, and, therefore, need not be alleged in the indictment or found by a jury beyond a reasonable doubt.  Id. at 226-27.  We have explained that we are bound by Almendarez-Torres unless and until that case is expressly overruled by the Supreme Court. United States v. Steed, 548 F.3d 961, 979-80 (11th Cir. 2008) (per curiam).