[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-12033
Non-Argument Calendar
_____

D.C. Docket No. 2:11-cr-00417-JHH-PWG-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICARDO TYWANE COOPER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(September 4, 2013)

Before DUBINA, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Appellant Ricardo Tywane Cooper ("Cooper") appeals his 60-month

sentence after pleading guilty to one count of being a felon in possession of a

firearm, in violation of 18 U.S.C. § 922(g)(1). First, Cooper argues that the district

court plainly erred by not affording him an opportunity for allocution at sentencing. The government concedes this error. Second, Cooper contends that the district court improperly characterized his 2006 Washington state third-degree rape conviction as a "crime of violence" under U.S.S.G. § 4B1.2, leading to an incorrect base offense level of 20 under § 2K2.1(a)(4)(A).[1] We agree with the district court that Washington's third-degree rape statute is a "crime of violence" under the sentencing guidelines, but we nonetheless vacate the sentence and remand to provide Cooper an opportunity for allocution.

## I.

When a party fails to object to a district court's ruling, we review for plain error. *United States v. Perez*, 661 F.3d 568, 583 (11th Cir. 2011).

We review *de novo* whether Cooper's prior conviction is a "crime of violence" under the sentencing guidelines. *United States v. Cortes-Salazar*, 682 F.3d 953, 954 (11th Cir. 2012).

## II.

### A.

The Federal Rules of Criminal Procedure require that the district court "address the defendant personally in order to permit the defendant to speak or

---

[1] Cooper also argues that the sentence-appeal waiver contained in his plea agreement is not valid because the district court did not specifically discuss the sentence-appeal waiver at the plea hearing. However, we need not reach this issue because, on appeal, the government does not attempt to enforce its agreement with Cooper.

present any information to mitigate [his] sentence." FED. R. CRIM. P. 32(i)(4)(A)(ii). During the sentencing hearing, the district court failed to provide Cooper an opportunity for allocution, but Cooper failed to object at the time the sentence was imposed. On appeal, the government concedes the district court plainly erred. [Appellee Br. at 6–7.] Accordingly, based on the government's confession of error, Cooper's sentence must be vacated and this case remanded to the district court to provide Cooper an opportunity for allocution.

**B.**

Under § 2K2.1(a)(4)(A), the base offense level for a violation of § 922(g)(1) is 20 if the defendant has a prior felony conviction for a "crime of violence" as defined in § 4B1.2(a). Section 4B1.2(a) in turn defines "crime of violence" as:

> any offense under federal or state law punishable by imprisonment for a term exceeding one year, that –
>
> > (1) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> >
> > (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

*Id.* Application Note 1 of the Commentary to § 4B1.2 further defines crimes of violence as including "forcible sex offenses." *Id.* § 4B1.2, cmt. n.1.

3

Third-degree rape under the statutory provision for which Cooper was convicted occurs:

> when, under circumstances not constituting rape in the first or second degrees, such person engages in sexual intercourse with another person, not married to the perpetrator . . . [w]here the victim *did not consent* as defined in [WASH. REV. CODE §] 9A.44.010(7) [(1999)] *to sexual intercourse* with the perpetrator and *such lack of consent was clearly expressed* by the victim's words or conduct[.]

WASH. REV. CODE § 9A.44.060(1)(a) (1999) (emphasis added).[2] The district court relied upon the residual clause of § 4B1.2(a)(2) and found that this provision of Washington's third-degree rape statute[3] constitutes a crime of violence because the crime was "conduct that presents a serious potential risk of physical injury to another." We agree.

To fall within the residual clause, the commission of § 9A.44.060(1)(a) must both ordinarily pose a serious potential risk of physical injury, and that injury must be similar in kind and degree to the risk posed by the generic forms of burglary of a dwelling, arson, extortion, or the use of explosives. *See Begay v. United States*, 553 U.S. 137, 141–42, 128 S. Ct. 1581, 1584 (2008) (Armed Career Criminal Act ("ACCA") context); *United States v. Owens*, 672 F.3d 966, 968 (11th

---

[2] "Consent," in turn, "means that at the time of the act of sexual intercourse or sexual contact[,] there are actual words or conduct indicating freely given agreement to have sexual intercourse or sexual contact." § 9A.44.010(7).

[3] Under § 9A.44.060(1)(b), a person also commits third-degree rape "[w]here there is a threat of substantial unlawful harm to property rights of the victim." Subsection (b) is not at issue in this case.

Cir. 2012) (same).[4]  "[W]e consider the offense as defined by the law, rather than considering the facts of the specific violation."  *United States v. Archer*, 531 F.3d 1347, 1350 (11th Cir. 2008).

On appeal, the government contends that it is clear from the face of § 9A.44.060(1)(a),[5] that Cooper's third-degree rape conviction constitutes a crime of violence because commission of the offense requires that the victim unambiguously refuse consent to sexual intercourse.  This, the government contends, could "end in confrontation leading to violence," *Sykes v. United States*, -- U.S. --, 131 S. Ct. 2267, 2273 (2011) (describing the risk of danger in the burglary context), because the perpetrator must overcome the victim's resistance to commit the crime.  Such a risk is similar in kind and degree as burglary, the government argues, and therefore, § 9A.44.060(1)(a) is a crime of violence within the meaning of the residual clause.

As a preliminary matter, we note that commission of this offense poses a serious risk of physical injury.  In the context of statutory rape, that is, crimes where the victim may factually—though not legally—consent to sexual intercourse, we have found that such crimes pose a serious risk of physical injury.

---

[4] We have repeatedly recognized that the definition of "violent felony" under the ACCA is virtually identical to the definition of "crime of violence" under § 4B1.2; thus, our holdings in ACCA cases apply equally to § 4B1.2 cases.  *See, e.g., Archer*, 531 F.3d at 1352.

[5] In light of *Descamps v. United States*, -- U.S. --,  133 S. Ct. 2276 (2013), the government has abandoned its argument that the specific facts of Cooper's offense demonstrate he committed a crime of violence.

*See United States v. Harris*, 608 F.3d 1222, 1230 (11th Cir. 2010) (holding that commission of rape under Florida's statutory rape law poses risk of serious physical injury); *United States v. Ivory*, 475 F.3d 1232, 1236–37 (11th Cir. 2007), *abrogated on other grounds by United States v. Owens*, 672 F.3d 966, 971 (11th Cir. 2012) (finding that commission of rape under Alabama's statutory rape law poses risk of serious physical injury).  It follows, then, that engaging in sexual intercourse with another person who has clearly expressed that he or she does *not* consent to the act poses a serious risk of physical injury as well.  *Cf. United States v. Riley*, 183 F.3d 1155, 1158–59 (9th Cir. 1999) (holding that even where no coercion or force is used to commit the crime of attempted simple rape, the offense presented serious potential risk of injury because "the nature of this offense creates an atmosphere that fosters the potential for physical confrontation").

We next turn to the question of whether this risk is similar in kind and degree to the risk posed by the commission of burglary of a dwelling.  Where, as here, the state need not prove intent or knowledge, *see State v. Elmore*, 771 P.2d 1192, 1193 (Wash. Ct. App. 1989), *Begay* instructs that we ask whether the conduct at issue in the statutory offense is "purposeful, violent[,] and aggressive," like the enumerated crimes of § 4B1.2(a)(2).  553 U.S. at 144–45, 128 S. Ct. at 1586.  The *Begay* Court distinguished between the enumerated crimes in § 4B1.2(a)(2)—burglary, arson, extortion, and crimes involving the use of

6

explosives—and crimes that impose strict liability and criminalize conduct "to which the offender need not have had any criminal intent at all." *Id.* at 145, 128 S. Ct. at 1586–87. Based on this holding, we have held that while statutory rape poses a risk of serious injury, the crime is not a crime of violence under § 4B1.2 or a violent felony under the ACCA because the crime is a strict liability offense. *Owens*, 672 F.3d at 972; *Harris*, 608 F.3d at 1232–33. Therefore, commission of the offense does not typically involve purposeful, violent, or aggressive conduct. Indeed, an unknowing perpetrator may be liable though the victim has factually consented to the act.

But the Washington statute is different; it criminalizes sexual intercourse with a victim who has clearly refused consent to the act—a significantly more purposeful and potentially aggressive crime than statutory rape. And while Washington's third-degree rape statute, unlike its first and second degree statutes, *see* §§ 9A.44.040(1), 9A.44.050(1)(a), does not require proof of force used to overcome the victim's resistance, there remains the serious potential risk that the victim's lack of consent escalates the encounter into a violent or aggressive one.

7

Therefore, we hold that § 9A.44.060(1)(a) is a crime of violence under § 4B1.2(a)(2), and thus, the district court correctly determined Cooper's base offense level was 20 under § 2K2.1(a)(4)(A).[6]

## III.

Accordingly, based on the government's confession of error, we vacate Cooper's sentence and remand with direction to resentence after providing Cooper an opportunity for allocution.  However, we affirm the district court's finding that Cooper's base offense level is 20 under § 2K2.1(a)(4)(A) because he previously committed a crime of violence under § 4B1.2(a)(2).

**AFFIRMED in part, VACATED in part and REMANDED.**

---

[6] Because we conclude that a conviction under § 9A.44.060(1)(a) constitutes a crime of violence within the meaning of § 4B1.2(a)(2)'s residual clause, we need not reach the government's alternative argument that the crime is a "forcible sexual offense" within the meaning of Application Note 1 of Commentary to § 4B1.2.