[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-15465
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cr-20678-KMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT DAVIS,
a.k.a. Rob,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 18, 2014)

Before CARNES, Chief Judge, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Robert Davis appeals his sentence of 535 months imprisonment. He asserts that his prior conviction for fleeing and eluding a law enforcement officer, in violation of Florida Statute § 316.1935(2), is not a "crime of violence" under United States Sentencing Guidelines § 4B1.2(a). He contends that because that prior conviction is not a crime of violence under U.S.S.G. § 4B1.2(a) the district court erred in treating him as a career offender under U.S.S.G. § 4B1.1(a).

We review de novo whether a prior conviction constitutes a "crime of violence" under the sentencing guidelines. United States v. Cortes-Salazar, 682 F.3d 953, 954 (11th Cir. 2012).

Our recent decision in United States v. Smith forecloses Davis' appeal. See 742 F.3d 949 (11th Cir. 2014). In Smith we concluded that fleeing and eluding a law enforcement officer under Florida Statute § 316.1935(2) is categorically a "violent felony" under the residual clause of the Armed Career Criminal Act. Id. at 952–53; 18 U.S.C. § 924(e)(2)(B)(ii). We have "repeatedly read the definition of a 'violent felony' under § 924(e) of the Armed Career Criminal Act as 'virtually identical' to the definition of a 'crime of violence' under U.S.S.G. § 4B1.2." United States v. Archer, 531 F.3d 1347, 1352 (11th Cir. 2008); compare 18 U.S.C. § 924(e)(2)(B)(ii) ("violent felony" means any crime punishable by a year of imprisonment, that involves "burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of

physical injury to another") <u>with</u> U.S.S.G. § 4B1.2(a)(2) (a "crime of violence" includes a crime punishable by a year of imprisonment that includes "burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another"). Having already concluded that fleeing and eluding a law enforcement under Florida Statute § 316.1935(2) is categorically a "violent felony" under the ACCA, we also conclude that it is categorically a "crime of violence" under the virtually identical definition found in U.S.S.G. § 4B1.2(a).  The district court correctly found that Davis is a career offender under U.S.S.G. § 4B1.1(a).

**AFFIRMED.**