[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-13755
Non-Argument Calendar
_____

D.C. Docket No. 3:11-cr-00221-MMH-JBT-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTHONY LEONARDO COOPER,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 30, 2015)

Before HULL, MARCUS and ROSENBAUM, Circuit Judges.

PER CURIAM:

Anthony Cooper appeals his 14-month sentence, imposed for violating conditions of his supervised release pursuant to 18 U.S.C. § 3583(e).  On appeal, Cooper argues that: (1) the district court procedurally erred in determining the guideline range for the revocation by finding his Florida state conviction for false imprisonment, pursuant to Fla. Stat. § 787.02, was a "crime of violence" under U.S.S.G. § 4B1.2; and (2) his sentence, imposed below the guideline range, was substantively unreasonable.  After careful review, we affirm.

We review a sentence imposed upon revocation of supervised release for reasonableness.  United States v. Sweeting, 437 F.3d 1105, 1106–07 (11th Cir. 2006).  When reviewing for reasonableness, we apply the abuse-of-discretion standard.  Gall v. United States, 552 U.S. 38, 46 (2007).  We review de novo whether a defendant's prior conviction is a "crime of violence" under the Guidelines.  United States v. Cortes-Salazar, 682 F.3d 953, 954 (11th Cir. 2012), cert. denied, 133 S.Ct. 995 (2013).

First, we are unpersuaded by Cooper's claim that the district court procedurally erred in determining the guideline range for the revocation.  If a defendant violates a condition of supervised release, the district court may, after considering the relevant factors set forth in § 3553(a), continue supervised release or revoke the sentence of supervised release and resentence the defendant.  18

2

U.S.C. § 3583(e).[1]  Among other things, the district court must consider the correct advisory guideline range.   Id. (citing 18 U.S.C. § 3553(a)(4)).   "[The] recommended sentencing range is based on the classification of the conduct that resulted in the revocation and the criminal history category applicable at the time" of the defendant's original sentencing.  United States v. Campbell, 473 F.3d 1345, 1348-49 (citing U.S.S.G. §§ 7B1.1, 7B1.4).

Pursuant to § 7B1.3(a)(1) of the Sentencing Guidelines, upon a finding of a Grade A violation, the court "shall revoke" supervised release.   U.S.S.G. § 7B1.3(a)(1).   A "Grade A" violation is defined as "conduct constituting (A) a federal, state, or local offense punishable by a term of imprisonment exceeding one year that (i) is a crime of violence . . . ."  Id. § 7B1.1(a)(1).

Section 4B1.2(a) defines "crime of violence" to include any offense that either "has as an element the use, attempted use, or threatened use of physical force against the person of another," or that "is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a

---

[1] Pursuant to 18 U.S.C. § 3583(e), when a defendant violates a condition of his supervised release, the district court must consider the factors outlined in "section[s] 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)" in determining whether to impose a sentence of imprisonment.  United States v. Vandergrift, 754 F.3d 1303, 1308 (11th Cir. 2014); 18 U.S.C. § 3583(e). These factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for deterrence; (3) the need to protect the public; (4) the need to provide the defendant with needed training, medical care, or other correctional treatment in the most effective manner; (5) the kinds of sentences and the guideline range; (6) any pertinent policy statements; (7) the need to avoid unwarranted sentencing disparities; and (8) the need to provide restitution to any victims.  18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D), (a)(4), (a)(5), (a)(6), and (a)(7).

serious potential risk of physical injury to another." Id. § 4B1.2(a)(1), (2). Notably, the definition of a "crime of violence" under § 4B1.2(a) is "virtually identical" to the definition of a "violent felony" in the Armed Career Criminal Act ("ACCA"), and, therefore, we apply a similar analysis in deciding whether a given offense qualifies as a crime of violence or a violent felony. United States v. Alexander, 609 F.3d 1250, 1253 (11th Cir. 2010) (quotation omitted).

When analyzing a case under § 4B1.2, we generally apply a "categorical approach," looking "no further than the fact of conviction and the statutory definition of the prior offense." United States v. Lockley, 632 F.3d 1238, 1240 (11th Cir. 2011) (quotations omitted). In doing so, we disregard the label placed on the state crime and instead look to whether the conduct necessary to establish a conviction under the state law is a natural equivalent to the offenses designated as crimes of violence. Id. at 1242. In United States v. Schneider, we conducted a categorical analysis of Florida's false imprisonment statute to determine whether Florida's false imprisonment statute is a "violent felony" for purposes of the ACCA. 681 F.3d 1273, 1276 (11th Cir. 2010). We found that false imprisonment was "comparable to [the enumerated offense of] burglary with respect to the degree and kind of risk produced" because the risk created by false imprisonment, even if accomplished by deceit, "arises from the possibility that the victim might try to resist or escape." Id. at 1281. Accordingly, we held that Florida's false

4

imprisonment crime, "even when accomplished secretly, produces a serious potential risk of physical injury to another for purposes of the residual clause of the [ACCA]." Id. at 1282 (quotation omitted).

In this case, the district court did not commit procedural error in finding that Cooper's Florida false imprisonment conviction was categorically a "crime of violence" based on our holding and analysis of Fla. Stat. § 787.02 in Schneider. Although Schneider involved an inquiry as to whether Florida's false imprisonment statute was categorically a "violent felony" for purposes of the ACCA, the definition of "crime of violence" under § 4B1.2 is "virtually identical," and the analysis is similar. Alexander, 609 F.3d at 1253. In particular, Schneider concluded that false imprisonment was "comparable" to the enumerated offense of burglary, which is also designated as a crime of violence under § 4B1.2. Schneider, 681 F.3d at 1281; Lockley, 632 F.3d at 1242; U.S.S.G. § 4B.1.1(a).

As for Cooper's argument that false imprisonment does not ordinarily entail a risk of injury, this was also foreclosed by Schneider. There, we held that the risk of injury in false imprisonment arose "from the possibility that the victim might try to resist or escape" even in situations where the victim was imprisoned "secretly." Schneider, 681 F.3d at 1281. Finally, it does not matter whether false imprisonment constitutes "purposeful, violent, and aggressive conduct" because false imprisonment is not a crime of strict liability, negligence, or recklessness. Id.

5

at 1280-82. Accordingly, the district court did not abuse its discretion in finding that Cooper's conviction constituted a Grade A felony for purposes of determining his advisory guideline range under § 7B1.4.

Nor is Cooper's sentence substantively unreasonable. To assess substantive reasonableness, we consider the "'totality of the circumstances.'" United States v. Pugh, 515 F.3d 1179, 1190 (11th Cir. 2008) (quoting Gall, 552 U.S. at 51). "A district court abuses its discretion and imposes a substantively unreasonable sentence when it fails to afford consideration to relevant [§ 3353(a)] factors that were due significant weight, gives significant weight to an improper or irrelevant factor, or commits a clear error of judgment in considering the proper factors." United States v. Irey, 612 F.3d 1160, 1189 (11th Cir.2010) (en banc) (quotation omitted). But "we will not second guess the weight (or lack thereof) that the [court] accorded to a given [§ 3553(a) ] factor ... as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented." United States v. Snipes, 611 F.3d 855, 872 (11th Cir.2010) (quotation, alteration and emphasis omitted). We reverse only if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." Pugh, 515 F.3d at 1191 (quotation omitted). The

party challenging the sentence has the burden of establishing that the sentence was unreasonable. United States v. Williams, 526 F.3d 1312, 1322 (11th Cir. 2008).

Ordinarily, we expect a sentence within the advisory guideline range to be reasonable. United States v. Hunt, 526 F.3d 739, 746 (11th Cir. 2008). A sentence imposed below the statutory maximum is another indicator of a reasonable sentence. See United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008).

Here, Cooper's sentence was substantively reasonable. As the record shows, the court properly weighed the factors and carefully reviewed the evidence -- including the testimony of the victim, the proceedings in Cooper's state court conviction, and Cooper's medical records -- before imposing a sentence below the guideline range and the two-year statutory maximum penalty. In addition, the district court discussed: (1) the nature and circumstances of the offense, which involved the solicitation of a prostitute and restraining of the victim; (2) the history and characteristics of the defendant, including Cooper's health conditions; and (3) the applicable guidelines, including the guideline-imprisonment term for a Grade C violation, before stating that the 14-month sentence was "sufficient but . . . not greater than necessary" to satisfy the purposes of sentencing. 18 U.S.C. §§ 3553(a)(1), (a)(2)(D), (a)(4)(B), 3583(e)(3). The record also reveals that the district court did not abuse its discretion by giving significant weight to the aggravating factors -- including the nature and seriousness of the offense -- nor did

7

it improperly insert the judge's personal judgment in the decision. Finally, there is no evidence that the court gave undue weight, or factored in his prior convictions, beyond his criminal history category, in determining the sentence at hand. Accordingly, Cooper has not met his burden to demonstrate that his sentence is substantively unreasonable, nor did the court abuse its discretion in imposing a total 14-month sentence.

**AFFIRMED**.