[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14622
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cr-20234-MGC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE ALEJANDRO ESCALANTE-ESCOVAR,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 7, 2015)

Before HULL, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

After pleading guilty to illegal reentry of a deported alien, in violation of 8 U.S.C. § 1326(a) and (b)(2), Jose Escalante-Escovar ("Escalante") appeals his 46-month sentence.  On appeal, Escalante argues that: (1) his sentence is procedurally unreasonable because the district court misapplied a 16-level crime-of-violence increase pursuant to U.S.S.G. § 2L1.2; and (2) his 46-month sentence, at the low end of the advisory guidelines range of 46 to 57 months' imprisonment, is substantively unreasonable.  After review, we affirm.

We review the reasonableness of a sentence for an abuse of discretion using a two-step process.  United States v. Pugh, 515 F.3d 1179, 1190 (11th Cir. 2008). We look first at whether the district court committed any significant procedural error, such as miscalculating the advisory guidelines range, treating the guidelines as mandatory, failing to consider the 18 U.S.C. § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to explain adequately the chosen sentence.[1]  Id.

Then, we examine whether the sentence is substantively unreasonable in light of the § 3553(a) factors and the totality of the circumstances.  Id.  The party

---

[1]The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims.  18 U.S.C. § 3553(a).

2

challenging the sentence bears the burden of proving it is unreasonable.  Id. at 1189.  We will reverse only if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case."  Id. at 1191 (quotation marks omitted).

As to procedural reasonableness, Escalante argues that the district court erred in concluding that his 2007 conviction for lewd and lascivious battery of a minor under Florida Statutes § 800.04(4) is a crime of violence within the meaning of U.S.S.G. § 2L1.2.  See U.S.S.G. § 2L1.2(b)(1)(A)(ii) (increasing a defendant's base offense level by 16 levels if the defendant was previously deported after a conviction for a felony that was a crime of violence).  This Court has already concluded that a conviction under Florida Statutes § 800.04(4) qualifies as a crime of violence for purposes of U.S.S.G. § 2L1.2's 16-level increase.  See United States v. Cortes-Salazar, 682 F.3d 953, 956-57 (11th Cir. 2012).  As Escalante himself acknowledges, his argument is foreclosed by our precedent.[2]  Thus, he has failed to show his sentence is procedurally unreasonable.

Escalante's sentence is also substantively reasonable.  Escalante's 46-month sentence is at the low end of the advisory guidelines range of 46 to 57 months'

---

[2]Because we conclude that the 16-level increase is supported by Escalante's 2007 Florida Statutes § 800.04(4) conviction, we need not address Escalante's argument that the 16-level increase also is not supported by his other 2007 Florida conviction for impregnating a minor.

3

imprisonment and less than one-fourth the twenty-year statutory maximum under 8 U.S.C. § 1326(b)(2).  See United States v. Hunt, 526 F.3d 739, 746 (11th Cir. 2008) (explaining that we ordinarily expect to a sentence inside the advisory guidelines range to be reasonable); United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008) (citing the fact that the sentence imposed was well below the statutory maximum as an indication of reasonableness).

Escalante asked for a downward variance because his 2007 Florida convictions were the result of a consensual relationship and the victim of those crimes is now his common-law wife with whom he has two children.  Escalante also contended that it was culturally acceptable in his Central American immigrant community for older men to marry young girls and that his victim's family had supported their relationship.  As a result, Escalante maintained, his prior convictions were not as serious as they appeared and had an outsized influence on his guidelines calculations because he was still on state probation for them when he illegally reentered the United States.  Escalante also pointed out that he would no longer be able to support his four U.S.-born children because he would be deported to El Salvador and that he had illegally reentered the United States only to support his family.

In denying Escalante's request for a downward variance, the district court pointed out that this was not a case where the defendant was only a few years older

4

than his minor victim.  The district court further explained that it is not an accepted cultural norm in the United States for a 27-year-old man to have a sexual relationship with a 15-year-old girl.  The district court also stated that it was not prepared to vary downward based on a cultural norm that kept women from progressing, such as child marriages or honor killings.  The district court further stressed that Escalante's conduct had economically disadvantaged his children and their mothers.  The district court agreed that Escalante's ability to provide for his family would be greatly diminished in El Salvador, but noted that this was a result of Escalante's own choices.  Alluding to the need to deter Escalante from reentering in future, the district court stated that Escalante knew that "going in, and now he knows that if he comes back and he is deported, we are right back at ground zero."

We cannot say the district court abused its discretion when it denied Escalante's request for a downward variance.  Contrary to Escalante's claim, the district court did not give significant weight to an improper factor when it mentioned honor killings.  Rather, in rejecting Escalante's cultural norm argument, the district court mentioned honor killings as another example of a cultural norm only to illustrate the point that it would be improper to vary downward based on cultural norms that are not accepted in the United States.

5

We also reject Escalante's argument that the district court failed to adequately consider the fact that he would be deported and no longer able to support his family.  Indeed, the district court explicitly addressed Escalante's argument on this point.  Escalante's claim that the district court should have given this mitigating fact more weight merely asks us to substitute our judgment for the district court's in weighing the § 3553(a) factors, which is something we do not do. See United States v. Dougherty, 754 F.3d 1353, 1361 (11th Cir. 2014) ("Generally, the weight accorded to any of [the § 3553(a)] factors is committed to the sound discretion of the district court, and this Court will not substitute its judgment in weighing the relevant factors.").  The district court's balancing of the relevant factors here did not constitute a clear error of judgment.

**AFFIRMED.**