[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-10075
Non-Argument Calendar
_____

D.C. Docket No. 6:14-cr-00159-PGB-DAB-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

PABLO OLGUIN-ZARATE,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(December 31, 2015)

Before HULL, ROSENBAUM and JILL PRYOR, Circuit Judges.

PER CURIAM:

Pablo Olguin-Zarate appeals his 60 month sentence, the result of a downward variance, which the district court imposed after he pled guilty to one count of illegal reentry into the United States after having been convicted of an aggravated felony.  For the reasons set forth below, we affirm.

I.

After Mr. Olguin-Zarate pled guilty, the probation office prepared a presentence investigation report ("PSI"), which set a base offense level of eight under U.S.S.G. § 2L1.2(a).  The PSI applied a 16 level enhancement, pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii), because Mr. Olguin-Zarate had been convicted in 1999 of lewd or lascivious exhibition, in violation of Fla. Stat. § 800.04(7)(a), a crime of violence under the Sentencing Guidelines.  According to the PSI, Mr. Olguin-Zarate stopped his car near two minors and asked them a question while fondling his exposed penis.  He repeated the conduct approximately 30 minutes later and, about a month thereafter, he returned to the same location and drove slowly past one of the original victims, again exposing himself.  The victim identified him to police, and he was arrested and convicted.  The PSI also applied a three level reduction for acceptance of responsibility, bringing Mr. Olguin-Zarate's total offense level to 21.  With a criminal history category of V, the PSI calculated a guidelines range of 70 to 87 months' imprisonment.

Mr. Olguin-Zarate objected to the 16 level enhancement, arguing that his 1999 conviction was not a "crime of violence" within the meaning of U.S.S.G. § 2L1.2. He conceded that this Court held in *United States v. Padilla-Reyes*, 247 F.3d 1158, 1163-64 (11th Cir. 2001), that a violation of Fla. Stat. § 800.04 qualified for "sexual abuse of a minor" and therefore categorically was a violent felony under U.S.S.G. § 2L1.2. But he argued that *Padilla-Reyes*'s holding did not apply here because that case involved a conviction for an actual assault and his did not. The district court overruled the objection and adopted the PSI's calculations but varied downward and sentenced Mr. Olguin-Zarate to 60 months' imprisonment.

This is Mr. Olguin-Zarate's appeal.

## II.

Mr. Olguin-Zarate raises four issues on appeal. Two, he concedes, squarely are foreclosed by circuit precedent.[1] Because we are bound to follow that precedent unless and until it is overruled or undermined to the point of abrogation by this Court sitting *en banc* or by the Supreme Court, we acknowledge that he has

---

[1] Mr. Olguin-Zarate contends that the definition of "sexual abuse of a minor" adopted by this Court in *Padilla-Reyes* is overbroad, but that case "remains binding precedent." *United States v. Cortes-Salazar*, 682 F.3d 953, 955-56 (11th Cir. 2012). He also argues that the district court violated his Fifth and Sixth Amendment rights by using his prior conviction, which was neither charged in the indictment nor proven to a jury, to increase the statutory maximum penalty he faced. But the Supreme Court has held that the fact of a prior conviction need not be charged in the indictment nor found by a jury. *See Almendarez-Torres v. United States*, 523 U.S. 224, 226 (1998).

preserved the challenges but do not address them further. *See United States v. Brown*, 342 F.3d 1245, 1246 (11th Cir. 2003); *see also United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008) (noting that, although a decision of the Supreme Court may overrule or abrogate prior panel precedent, such a decision "must be clearly on point" (internal quotation marks omitted)). We address here Mr. Olguin-Zarate's two challenges that are not foreclosed by our precedent.

First, he argues that the district court erred in applying a 16 level enhancement based on his 1999 conviction under Fla. Stat. § 800.04(7)(a), which criminalizes intentionally masturbating or "expos[ing] the genitals in a lewd or lascivious manner" in the presence of a victim who is less than sixteen years of age.[2] Because he preserved his challenge by advancing it below, we review this claim *de novo*. *See United States v. Harris*, 586 F.3d 1283, 1284 (11th Cir. 2009).

The guidelines impose this enhancement if the defendant "was deported, or unlawfully remained in the United States, after . . . a conviction for a felony that is . . . a crime of violence." U.S.S.G. § 2L1.2(b)(1)(A)(ii). The guidelines define "crime of violence" to include, among other offenses, "sexual abuse of a minor." *Id.* comment. (n.1(b)(iii)). In *Padilla-Reyes*, we held that a conviction under Fla. Stat. § 800.04 as codified in 1987 constituted "sexual abuse of a minor" under U.S.S.G. § 2L1.2 even though the Florida statute encompassed acts involving no

---

[2] The version of Fla. Stat. § 800.04(7)(a) in place at the time Mr. Olguin-Zarate was convicted is identical to the subsection now in effect.

physical contact with the victim.  247 F.3d at 1162-64 & n.4.[3]  This holding was not, as Mr. Olguin-Zarate contends, bound to the fact that a different subsection of Fla. Stat. § 800.04 may have been implicated.[4]  Rather, "[w]e recognized [in *Padilla-Reyes*] that violations of § 800.04 might not involve any physical contact with the victim, but concluded that *all possible violations* involve the misuse or maltreatment of a child for sexual gratification, and, thus, constitute 'sexual abuse of a minor.'"  *United States v. Cortes-Salazar*, 682 F.3d 953, 955 (11th Cir. 2012) (emphasis added) (internal citation omitted).

We also reject Mr. Olguin-Zarate's assertion that the holding of *Padilla-Reyes* must be revisited in light of the Supreme Court's decision in *Descamps v. United States*, 133 S. Ct. 2276 (2013).  In *Descamps*, the Supreme Court concluded that, when every possible offense under a statute does not match the generic definition of a qualifying violent felony offense, the sentencing court must determine whether the statute is divisible or not and, if not, must conclude that the offense does not qualify as a crime of violence.  *Id.* at 2281-82.  Here, because "all

---

[3] We noted in *United States v. Cortes-Salazar* that, although the amended version of Fla. Stat. § 800.04 "differ[s] slightly from the version discussed in *Padilla-Reyes*, the elements of [the] offense [are] identical to the elements of the offense in 1987."  682 F.3d at 955.

[4] We did not specify the subsection under which Mr. Padilla-Reyes was convicted, but Mr. Olguin-Zarate suggests that the conviction was for "lewd assault," rather than exhibition, citing some language in *Padilla-Reyes* using the term "assault."  We are unconvinced by this reading of our precedent.  The version of the statute under which Mr. Padilla-Reyes was convicted merely included the word "assault" in its introductory heading.  *See* Fla. Stat. § 800.04 (1987) ("Lewd, lascivious, or indecent assault or act upon or in presence of child; sexual battery").  As we emphasized in *Cortes-Salazar*, the 1987 statute is identical in meaning to the one under which Mr. Olguin-Zarate was convicted.  *See supra* n.3.

5

possible violations" of Fla. Stat. § 800.04 qualify as sexual abuse of a minor, the divisibility analysis of *Descamps* is not implicated, and our holding in *Padilla-Reyes* remains intact. *Cortes-Salazar*, 682 F.3d at 955. Accordingly, we affirm the district court's imposition of the 16 level enhancement under U.S.S.G. § 2L1.2.

Second, Mr. Olguin-Zarate contends that using his prior conviction to increase both his criminal history category and his offense level violated the Double Jeopardy Clause and constituted impermissible double counting. He failed to make this argument to the district court, so we review only for plain error. *See United States v. Mozie*, 752 F.3d 1271, 1290 (11th Cir.), *cert. denied*, 135 S. Ct. 422 (2014). We therefore may reverse on this ground only if we find (1) error (2) that is plain and (3) affected the defendant's substantial rights, and then only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *United States v. Ramirez-Flores*, 743 F.3d 816, 821 (11th Cir. 2014), *cert. denied*, 135 S. Ct. 948 (2015).

We find no error, plain or otherwise, in the district court's use of Mr. Olguin-Zarate's previous conviction to determine both his total offense level and his criminal history category. In the sentencing context, the Double Jeopardy Clause "does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." *Garrett v. United States*, 471 U.S. 773, 793 (1985). Similarly, "double counting" a conviction in the manner the district

court did here is permissible if the U.S. Sentencing Commission intended such a result. *United States v. Adeleke*, 968 F.2d 1159, 1161 (11th Cir. 1992). "The Commission clearly intended prior felonies to count against defendants both under the criminal history section and [U.S.S.G.] § 2L1.2." *Id.* Indeed, commentary to that guideline indicates that "[a] conviction taken into account under subsection (b)(1) is not excluded from consideration of whether that conviction receives criminal history points." U.S.S.G. § 2L1.2 comment. (n(6)). "[A]nd this result is permissible" because "[t]he criminal history section is designed to punish likely recidivists more severely, while the enhancement under § 2L1.2 is designed to deter aliens who have been convicted of a felony from re-entering the United States." *Adeleke*, 968 F.2d at 1161. Because the district court's counting did not result in a greater punishment than the Sentencing Commission intended, the calculation did not violate the Double Jeopardy Clause or constitute impermissible double counting.

## III.

For the reasons set forth above, we affirm Mr. Olguin-Zarate's sentence.

**AFFIRMED.**

7